EDUARDO M. MORERA, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, R. CORDOVÉS ARANA, JUDGE, Respondent.

No. 334.   Submitted December 4, 1939.—Decided December 8, 1939.

*Justo A. Casablanca* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the Court.

On the 27th of February, 1936, an information was presented against Eduardo M. Morera for having driven an automobile in volation of Section 328 of the Penal Code.

The prosecution was abandoned by the Government for a long period and finally called for trial somewhere in 1939. Then the defendant presented a motion to the court asking that the case be dismissed under Section 448 of the Code of Criminal Procedure, as the trial had been delayed for more than 120 days. The court decreed the dismissal on the 25th of April, and at the same time ordered the District Attorney to begin a new prosecution.

On the 1st of May, 1939, the District Attorney of Guayama presented another information against the petitioner apparently on the same facts. In the act of arraignment the defendant urged upon the court that under Section 78 of the Penal Code, the action had prescribed, inasmuch as more

718

than three years had elapsed since the commission of the alleged crime and hence the case should be dismissed. The court overruled the motion.

■ The defendant has applied to this Court for a writ of mandamus. We are quite satisfied that the writ does not lie, inasmuch as the question of prescription should be raised by a demurrer or plea to the information. Then, after an issue of fact or of law and a judgment entered on the issue, the defendant could appeal and have the question reviewed by this court.

■ As in civil cases the question of prescription, similar to that of jeopardy, is the privilege of the defendant and should be drawn to the attention of the court. See *People* v. *Brau*, 27 P.R.R. 713.

■ Generally where the petitioner can secure his rights by appeal a mandamus will not lie.

Petition denied.